USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KENNY SHENERY,                                              :
                                Plaintiff,    :
                                                    :     17 Civ. 5804 (LGS)
             -against-                                 :
                                                    :     **OPINION AND ORDER**
CITY OF NEW YORK, et al.                                    :
                                Defendants. :
:
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Kenny Shenery brings this action against a John Doe officer or detective, Detective David Tyrell (collectively, "Defendant Officers") and the City of New York (the "City") pursuant to 42 U.S.C. § 1983. The First Amended Complaint ("Complaint") alleges claims for false arrest and imprisonment, and unreasonable search and seizure against Defendant Officers and municipal liability against the City.[1] Plaintiff seeks money damages on all his claims against Defendants. Defendants Tyrell and the City move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss is granted.

**I.    BACKGROUND**

      The following facts are taken from the Complaint and assumed to be true for the purposes of this motion. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

      Plaintiff Kenny Shenery resides in the Bronx. Defendants, Detective David Tyrell and John Doe, are employed by Defendant City as police officers in the 42nd precinct of the New York City Police Department.

      On May 18, 2015, Plaintiff and his friends were playing dice outside a Bronx apartment

---

[1] Plaintiff voluntarily dismissed his malicious prosecution claim against Defendant Officers.

building when Defendant Officers arrived in a police car and searched and frisked Plaintiff. Plaintiff was physically restrained, handcuffed and placed in the back of the police car. Detective Tyrell wagered Plaintiff's freedom on a game of dice, stating that if Tyrell lost, Plaintiff would be free to go; but if Tyrell won, Plaintiff and one of his friends would be arrested. Despite losing, Detective Tyrell did not release Plaintiff, but instead Defendant Officers drove away with Plaintiff in handcuffs and interrogated him in the police vehicle. The Complaint alleges that Plaintiff possesses a video of the incident. During the interrogation, Plaintiff was asked if he knew who ran the guns in his neighborhood and if he knew a "Pedro Hernandez." When Plaintiff denied any knowledge, Detective Tyrell threatened him with jail time and locked him in a 42nd precinct holding cell. Plaintiff was in custody for 48 hours and was issued a summons for unreasonable noise, despite not playing music or making any noise.

The Court takes judicial notice of the following facts, which are "not subject to reasonable dispute" because they "can be accurately and readily determined from" court records, "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The summons for unreasonable noise was issued on May 18, 2015, the same day as Plaintiff's arrest. The summons alleges that Plaintiff was playing his vehicle's sound system at an unreasonable level in a residential area. On August 17, 2015, Plaintiff pleaded guilty to the unreasonable noise charge. Plaintiff also had an outstanding bench warrant for unlawful possession of marijuana, a class B misdemeanor, issued less than one month prior to his arrest.

## II.     LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), but gives "no effect to legal

2

conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, the court is limited to reviewing the complaint, any documents attached to that pleading or incorporated in it by reference, any documents heavily relied upon by the complaint as to their "terms and effect" and which are therefore integral to the plaintiff's allegations, even if not explicitly incorporated by reference, and facts of which the court may take judicial notice. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

### III. DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 alleging claims of false arrest, false imprisonment, and unlawful search and seizure against Defendant Officers and municipal liability against the City. Defendants' motion to dismiss is granted.

#### A. False Arrest and False Imprisonment

The Complaint alleges that Defendant Officers lacked probable cause and "falsely issued [P]laintiff with a criminal summons for unreasonable noise in order to justify their improper arrest of the [Plaintiff]." Defendants argue that probable cause existed because of Plaintiff's guilty plea and outstanding bench warrant.

"In analyzing § 1983 claims for unconstitutional false arrest, [courts generally look] to the law of the state in which the arrest occurred." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir.

3

2016).  In New York, the torts of false imprisonment and false arrest are "synonymous."  *Liranzo v. United States*, 690 F.3d 78, 91 n.13 (2d Cir. 2012).  Under New York law, a plaintiff alleging false arrest is required to show that "the defendant intentionally confined him without his consent and without justification."  *Dancy*, 843 F.3d at 107 (2d Cir. 2016) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).  "'The existence of probable cause' for an arrest 'is an absolute defense to a false arrest claim.'"  *Id.* (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)).

The Second Circuit has adopted the common law rule that a "plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."  *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986); *accord Case v. City of New York*, 233 F. Supp. 3d 372, 383 (S.D.N.Y. 2017).  Thus, if a plaintiff pleads guilty to the underlying or a lesser charge, the "examination of the totality of the circumstances known to the officer at the time of arrest is not required."  *Freire v. Zamot*, No. 14 Civ. 304, 2018 WL 1582075, at *4 (E.D.N.Y. Mar. 30, 2018).

Plaintiff was "convicted of the offense for which he was arrested," based on his guilty plea to the summons.  His guilty plea establishes probable cause and is "conclusive evidence of the good faith and reasonableness of the [Defendant Officers'] belief in the lawfulness of the arrest."  *Cameron*, 806 F.2d at 388.  The Complaint's argument that "issuing a summons or violation for playing loud music does not ordinarily require an arrest and detention" is unavailing.  The Supreme Court has held that when "an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that there was probable cause to arrest based on the citation-only

4

offense of not wearing a seatbelt). Whether the summons for unreasonable noise was actually the subjective reason for the arrest is immaterial because an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see also Brown v. City of New York*, 798 F.3d 94, 99 (2d Cir. 2015) ("The probable cause inquiry is not necessarily based upon the offense actually invoked by the arresting officer but upon whether the facts known at the time of the arrest objectively provided probable cause to arrest.") (quoting *Jaegly*, 439 F.3d at 153).

Defendant Officers also had probable cause to arrest Plaintiff because there was an outstanding bench warrant for his arrest. Relying on an outstanding warrant to make an arrest is "objectively reasonable." *United States v. Santa,* 180 F.3d 20, 27 (2d Cir. 1999); *accord United States v. Miller*, 265 F. App'x 5, 7 (2d Cir. 2008) (summary order) ("When an officer learns . . . that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person.").

Because probable cause is "an absolute defense to a false arrest claim," *Dancy*, 843 F.3d at 107, the motion to dismiss the false arrest and false imprisonment claims is granted.

### B. Unreasonable Search and Seizure

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. The Supreme Court has held that "police must, whenever practicable obtain advance judicial approval of searches and seizures through the warrant procedure." *Terry v. Ohio*, 392 U.S. 1, 20 (1968). Nonetheless, "[w]hen an arrest is made, it is reasonable for the arresting officer to search the person arrested . . . ." *Chimel v. California,* 395 U.S. 752, 763 (1969).

Plaintiff's contention that the arrest and search were motivated by "malice" and a desire

to "improperly [coerce] the [P]laintiff into giving false testimony," while reprehensible, has no legal relevance to the validity of the search. What matters is "a court's later determination of whether probable cause existed at the time," not the subjective mindset of the arresting officer. *Zalaski v. City of Hartford*, 723 F.3d 382, 390 n.4 (2d Cir. 2013) (quoting *United States v. Gagnon*, 373 F.3d 230, 239 (2d Cir. 2004)). Because the arrest of Plaintiff was lawful, it was "reasonable for the arresting officer to search the person arrested." *Chimel*, 395 U.S. at 763. Otherwise, "the officer's safety might well be endangered." *Id*. Defendant Officers' search prior to the arrest was also lawful because "[t]he mere fact that the [officer] . . . conduct[ed] the search before the arrest, did not render it illegal as long as probable cause to arrest existed at the time of the search." *United States v. Jenkins*, 496 F.2d 57, 73 (2d Cir. 1974); *see also Quiles & Rodriguez v. City of New York*, No. 15 Civ. 1055, 2016 WL 6084078, at *8 (S.D.N.Y. Oct. 12, 2016) ("Once an officer has probable cause to arrest a person, it is immaterial whether a search occurs before or after a formal arrest.") (citations omitted). Defendant Officers had probable cause to arrest and search Plaintiff; Defendants' motion to dismiss the unreasonable search and seizure claim is granted.

### C. Municipal Liability

"[M]unicipalities . . . may be subjected to direct claims for monetary relief . . . where the municipality allegedly implemented an unconstitutional custom or policy." *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403 (2d Cir. 2018) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 694-95 (1978)). To prevail in holding a municipality liable under § 1983, "a plaintiff must plead and prove that his constitutional rights were violated . . . ." *Edrei v. City of New York,* 254 F. Supp. 3d 565, 579 (S.D.N.Y. 2017) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). As discussed, Defendant Officers' actions were

6

constitutional because they had probable cause to arrest and search Plaintiff.  Defendants' motion to dismiss the claim for municipal liability is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk of Court is directed to close the motion at Docket Number 33 and to close the case.

Dated:  August 10, 2018
       New York, New York

                                    **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**